United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORTHWEST ADMINISTRATORS, INC.,

          Plaintiff,

     v.

EVENT PRODUCTIONS, INC.,

          Defendant.

_____/

No. C-08-03899 PJH (JCS)

**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS' FEES [Docket No. 16]**

I.     **INTRODUCTION**

      In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiff brings a Motion for Default Judgment and Attorneys' Fees ("the Motion") seeking entry of default judgment, an award of unpaid fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs.  The Court determines that oral argument on the Motion is not required, pursuant to Civil Local Rule 7-1(b).  Therefore, the Court **vacates** the hearing set for **April 24, 2009**.  For the reasons stated below, it is recommended that Plaintiff's Motion be GRANTED and that Plaintiff be awarded $20,631.63 in damages.

II.     **BACKGROUND**

      Plaintiff is the administrator of the Western Conference of Teamsters Pension Trust Fund ("the Trust Fund"), acting on behalf of the trustees of the Trust Fund.  Complaint, ¶ 2.   The Trust Fund is organized pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C. § 186(c).  *Id*.  Plaintiff alleges that Defendant Event Productions, Inc., is bound by a written collective bargaining agreement with the Teamsters Local Union No. 70 ("the Collective Bargaining

Agreement") and that under the Collective Bargaining Agreement, Defendant was required to make contributions to the Trust Fund on behalf of its employees. *Id*., ¶ 4; *see also* Declaration of Walt Pentz in Support of Motion for Default Judgment ("Pentz Decl."), Ex. 1 (Collective Bargaining Agreement), section 18; Ex. 2 (Employer-Union Pension Certification binding Defendant to terms of Trust Agreement).

Under the Trust Agreement, an employer is required to submit monthly reports listing work performed by covered employees, as well as the pension benefit contributions due. Pentz Decl., Ex. 3, Article IV, section 1. Contributions are due on the tenth day of the following month and become delinquent after that date. *Id*. In the case of delinquent contributions, the Trust Agreement provides for liquidated damages of 20% of the amount due and unpaid, as well as an award of attorneys' fees and costs incurred in collecting the delinquent contributions. *Id*., section 3(b)(2) & (3). These amounts become due and payable on the tenth day following the date on which the Administrator mails notice of the delinquency to the employer. *Id*., section (c). Finally, the Trust Agreement provides for an award of interest at the underpayment rate set forth in 26 U.S.C. § 6621. *Id*., section 3(d).

In the Complaint, Plaintiff alleged that Defendant had failed to make required contributions under the Trust Agreement since April 2008. Complaint, ¶ 7. Plaintiff further alleged that Defendant had received notice of the delinquencies. Complaint, ¶ 8; Pentz Decl., Ex. 4 (notice of delinquency).

Plaintiff filed this action on August 14, 2008. Defendant did not appear and default was entered on October 20, 2008. Plaintiff now brings a default judgment motion, in which it seeks to recover the following amounts: 1) $14,196.51 in unpaid contributions for the months of April 2008 and August through December 2008; 2) $4,642.97 in liquidated damages, for the months of April 2008 through December 2008; 3) $477.15 in interest; 4) $720.00 in attorneys' fees; and 5) $595.00 in costs. *See* Declaration of Diane Andrade in Support of Motion for Default Judgment ("Andrade Decl."), Ex. 5 (Liability Detail Sheet).

**United States District Court**

For the Northern District of California

III.   **ANALYSIS**

A.   **Entry of Default Judgment**

Plaintiff has applied for a default judgment in this action on the basis that Defendant has failed to appear after valid service.  Under Federal Rule of Civil Procedure 55(b)(2), the court may enter a default judgment where the clerk, under Rule 55(a), has already entered the party's default based upon a failure to plead or otherwise defend the action.  The district court's decision to enter a default judgment involves some discretion.  *Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956) (affirming district court's denial of default judgment).  The court is free to consider a wide range of factors in deciding whether to enter a default judgment, including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see also* Wright & Miller, *Federal Practice and Procedure*, Civil § 2685.

Where a default judgment is deemed appropriate, the factual allegations of the complaint, except those relating to damages, are taken as true.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).  So long as the allegations in the complaint are "well-pleaded," liability is established as to those allegations by the default.  *Trans World Airlines Inc. v. Hughes*, 308 F. Supp. 679, 683 (D.C.N.Y. 1969), *modified on other grounds*, 449 F.2d 51, *rev'd on other grounds*, 409 U.S. 363 (1973).

Plaintiff brings this action under ERISA.  Under ERISA, a trustee is authorized to bring a civil enforcement action to recover unpaid contributions from an employer who is bound to make such contributions under a collective bargaining agreement.  *See* 29 U.S.C. § 1132(a)(3) (authorizing fiduciary of employee benefit plan to bring a civil action to enforce provisions of ERISA); § 1145 (providing that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall . . . make such contributions"); § 1002(14) (defining fiduciary as including trustees).

In support of its ERISA claim, Plaintiff alleges that Defendant entered into a collective

bargaining agreement requiring it to make contributions to the Trust Fund on behalf of its covered employees.  Plaintiff further alleges that Defendant failed to pay contributions while bound by the collective bargaining agreement.  These allegations state a valid claim under ERISA.   In addition, Plaintiff has supported the claim by providing copies of the Trust Agreement, the Collective Bargaining Agreement, the Employer-Union Pension Certification binding Defendant to the terms of Trust Agreement, the Employer Contribution Reports for the relevant months and the notice of delinquency that was sent to Defendant.  Based on the record before it, the Court concludes that default judgment should  be entered against Defendant.

**B.     Requested Relief**

**1.     Section 1132(g)**

Once liability is established in a default situation, a plaintiff must then establish that the requested relief is appropriate.  *Geddes*, 559 F.2d at 560.  Under ERISA, § 1132(g) provides for statutory damages where a multi-employer plan successfully sues under 29 U.S.C. § 1145 (providing that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement").  A plan that obtains judgment in its favor in an action for unpaid contributions under § 1145 is entitled to:

(A) the unpaid contributions,

(B) interest on the unpaid contributions

(C) an amount equal to the greater of–

(1) interest on the unpaid contributions, or

(2) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

United States District Court

For the Northern District of California

### 2.   Contributions

Defendants seek a total of $14,196.51 in unpaid contributions for the months of April 2008 and August through December 2008.  This request is supported by a declaration by the manager of the trust fund delinquency collection department, Diane Andrade, as well as the Employer Contribution Reports that were submitted by Defendant for the relevant months.  *See* Andrade Decl., Exs. 5 & 6. This evidence supports Plaintiff's request for unpaid contributions, which should be awarded in full.

### 3.   Liquidated Damages

Plaintiff seeks liquidated damages in the amount of $4,642.97, calculated for all late payments at a rate of 20%.  Andrade Decl., ¶ 4 & Ex. 5.  Plaintiff has provided the relevant provision of the Trust Agreement (see above) and has calculated the amount of liquidated damages correctly.  Therefore, it is recommended that the amount of liquidate damages requested by Plaintiff be awarded in full.

### 4.   Interest

Plaintiff seeks an award of interest on the unpaid contributions in the amount of $477.15. This amount is calculated using an interest rate of 5%, starting from the date each contribution became delinquent to the date paid or, if the contribution has not yet been paid, to April 8, 2009.  *See* Andrade Decl., Ex. 5.  Plaintiff's calculation is consistent with the terms of the Trust Agreement, which specifies that interest shall be awarded at the annual underpayment rate under 26 U.S.C. § 6621 on the date the contribution became delinquent.  During the relevant period, the annual underpayment rate ranged between 5% and 6%.  *See*  www.dol.gov/ebsa/calculator/ a2underpaymentrates.html.   The interest requested by Plaintiff should be awarded in full.

### 5.   Attorneys' Fees and Costs

Having prevailed in this action for unpaid and late contributions, Plaintiff is also entitled to reasonable attorneys' fees and costs of the action.  29 U.S.C. § 1132(g)(2)(D).

#### a.   Attorneys' Fees

In this Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation

**United States District Court**
For the Northern District of California

1  by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987).

2  In calculating the lodestar, the Court must determine a reasonable rate and a reasonable number of

3  hours for each attorney. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986),

4  *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

5        Here, Plaintiff seeks $720.00 in attorneys' fees for 4 hours of work at a rate of $180.00/hour.

6  *See* Declaration of Michael J. Carroll in Support of Motion for Default Judgment ("Carroll Decl."), ¶

7  5. The Court finds both the rate and the time spent to be reasonable and recommends that Plaintiff's

8  attorneys' fees be awarded in full.

9             **b.**    **Costs**

10        Plaintiff seeks $595.00 for the following costs incurred in prosecuting this action: (1)

11  $350.00 for the Clerk's filing fee; (2) $150.00 for service of the complaint; and (3) $95.00 for

12  service of a subpoena and notice of deposition upon the Custodian of Records to obtain the

13  Employer Contribution Reports. Carroll Decl., ¶ 2. Under Civil Local Rule 54-3 ("Rule 54-3"), an

14  award of costs may include the clerk's filing fee and fees for service of process "to the extent

15  reasonably required and actually incurred." The Court finds that the costs sought by Plaintiff were

16  reasonably required and actually incurred and therefore recommends that these costs be awarded in

17  full.

18  **IV.**    **CONCLUSION**

19        For the reasons stated above, Plaintiff's Motion should be GRANTED and default judgment

20  should be entered against Defendant. Plaintiff should be awarded $20,631.63 in damages, consisting

21  of the following amounts: 1) $14,196.51 in unpaid contributions; 2) $4,642.97 in liquidated

22  damages; 3) $477.15 in interest; 4) $720.00 in attorneys' fees; and 5) $595.00 in costs.

23

24  DATED: April 2, 2009

25

26                      _____

27                      JOSEPH C. SPERO
                    United States Magistrate Judge

28